UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO IZALDO,<br>Petitioner,<br>v.<br>M. MARTEL, Warden,<br>Respondent. | NO. SACV 08-482-ABC (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner contends that the Magistrate Judge "seems to have overlooked" another ineffective assistance claim he purportedly raised, namely that his trial counsel did not follow Martinez's (a co-defendant who was tried separately) trial or interview the jurors after his trial. (Objections at 7 (citing Petition at 8).)  Even assuming Petitioner raised and exhausted this subclaim, Petitioner was not prejudiced by counsel's alleged deficiency.  Petitioner argues that had his

counsel followed Martinez's trial, he would have discovered Martinez's alibi defense, and Petitioner could not have been found guilty as an aider and abettor if there was no one to aid and abet. (Objections at 8.) Petitioner is incorrect as a matter of law. "[P]roof of aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus – a crime committed by the direct perpetrator, (b) the aider and abettor's mens rea – knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus – conduct by the aider and abettor that in fact assists the achievement of the crime." *People v. Perez*, 35 Cal. 4th 1219, 1225, 29 Cal. Rptr. 3d 423 (2005). To be convicted of aiding and abetting does not depend on a specific person being the principal. *See People v. Garcia*, 28 Cal. 4th 1166, 1177-78, 124 Cal. Rptr. 2d 464 (2002) (neither a shooter's conviction nor his identity is required for vicarious liability). In Petitioner's case, there was ample evidence that someone shot and killed Luis Rodriguez *and* that Petitioner aided the shooter. Even if Petitioner's counsel could have shed some doubt on whether Martinez was the shooter, he could not have overcome the evidence that Petitioner aided the shooter, whoever he was.[1] As the California Court of Appeal correctly noted on direct review, "Vicarious liability for the shooting would still flow to Izaldo under aiding and abetting principles, regardless of who pulled the trigger." (Lodged Document 1 at 8.)

    Petitioner's remaining objections are without merit. Petitioner's motions for a stay, an evidentiary hearing, and appointment of counsel are DENIED.

///
///
///
///

---

[1] Indeed, some of the evidence adduced at the Martinez trial from alibi witnesses indicated that Petitioner was the shooter. (*See, e.g.,* Report at 16.)

2

1 | IT IS ORDERED that Judgment be entered denying the Petition and
2 | dismissing this action with prejudice.

DATED: July 22, 2011

*Audrey B. Collins*
AUDREY B. COLLINS
United States District Judge